UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDIE COLGAN,<br><br>                             Plaintiff,<br>  vs.<br>RAYMOND E. MABUS, Secretary, Department of the Navy; COLLEEN ALTMAN, an individual; DOES 1-10, Inclusive,<br><br>                            Defendants. | CASE NO. 11CV2278 WQH(DHB)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendants Raymond E. Mabus and Colleen Altman. (ECF No. 10).

**I.   Background**

On September 30, 2012, Plaintiff Addie Colgan initiated this action by filing a Complaint against Defendants Raymon E. Mabus, Secretary of the Department of the Navy, and Colleen Altman, in her individual capacity. (ECF No. 1).

On January 27, 2012, Defendant Mabus filed a Certification of Scope of Employment and a Notice of Substitution of United States as Defendant for all tort claims involving Colleen Altman. (ECF Nos. 10-3, 10-4).

On January 27, 2012, Defendants filed a Motion to Dismiss the Complaint. (ECF No. 10). On February 24, 2012, Plaintiff filed an opposition to the Motion to Dismiss. (ECF No.

11). On March 2, 2012, Defendants filed a reply and filed the Declaration of Jennifer Eichenmuller. (ECF No. 12). On March 6, 2012, Defendants filed a notice of errata and clarification regarding Plaintiff's administrative tort claim. (ECF No. 14).

## II.    Allegations of the Complaint

Plaintiff was a civilian employee of the Naval Hospital at Camp Pendleton from May 1997 to December 31, 2009. Plaintiff's direct supervisor was Colleen Altman.

In January 2007, Plaintiff filed an EEOC complaint of discrimination against Defendant Altman which was resolved through mediation. "Thereafter, Defendant Altman engaged in a campaign of harassment and intimidation against Plaintiff Colgan, which continued until Plaintiff's forced resignation in December 2009...." (ECF No. 1 at ¶ 11). Specific examples of Defendant Altman's harassing behavior includes:

> (a)    On many occasions, Defendant Altman refused to permit Plaintiff Colgan to attend Plaintiff's regularly (sic) medically necessary appointments.
>
> (b)    On many occasions, Defendant Altman verbally berated Plaintiff Colgan, often in the presence of Plaintiff's co-workers.
>
> (c)    On many occasions, after Defendant Altman provided Plaintiff Colgan with specific directions for a particular work assignment, Defendant Altman chastised Plaintiff for not having performed her job correctly. When Plaintiff said she had simply followed Defendant Altman's directions, Defendant Altman became angry and gave Plaintiff markedly different instructions for the particular assignments.
>
> (d)    On many occasions, Defendant Altman made disparaging comments about Plaintiff Colgan to Plaintiff's coworkers, including comments about Plaintiff's allegedly unacceptable work performance and alleged excessive absences due to illness.
>
> (e)    On many occasions, Defendant Altman told Plaintiff Colgan's coworkers that she was going to "get rid of" Plaintiff.

*Id.* at ¶ 12.

In March 2009, Plaintiff wrote a letter to her Congressman about the discrimination and harassment occurring in her workplace. As a result of the letter to Plaintiff's Congressman "L. G. Dundas, Captain, Dental Corps, US Navy, purportedly conducted an investigation into Plaintiff's allegations." *Id.* at ¶ 13. However, the investigation did not stop the discrimination and harassment. "Defendant Altman was irate [about Plaintiff's complaint to her

Congressman] and ... decided to cause Plaintiff's termination or forced retirement." *Id.* at ¶ 14. "Thereafter ... Defendants Navy, Altman and Does, engaged in a continuous pattern of discriminatory and harassing treatment ...." *Id.* The discriminatory and harassing treatment by Defendants including following:

> (a) The unauthorized disclosure of Plaintiff Colgan's private and confidential information concerning her medical, psychiatric and/or psychological care and treatment obtained at Navy;
>
> (b) The unauthorized discussion and/or dissemination of Plaintiff's private confidential medical, psychiatric and/or psychological information to her supervisors and/or coworkers; and
>
> (c) Subjecting Plaintiff to humiliation and ridicule concerning her medical, psychiatric and/or psychological condition.

*Id.* at ¶ 15. "[O]n December 31, 2009 Plaintiff Colgan did in fact quit her employment by deciding to take early retirement rather than be subjected to a hostile, intimidating and offensive work environment." *Id.* at ¶ 16.

Plaintiff asserts the following claims: (1) discrimination and harassment based on disability [29 U.S.C. § 701, et seq.]; (2) retaliation [42 U.S.C. § 2000e, et seq; 29 C.F.R. § 1630.12]; (3) violation of Federal Tort Claims Act ("FTCA"); (4) violation of privacy [5 U.S.C.A. § 552a(b)]; (5) violation of federal, Constitutional and statutory rights [U.S. Constitution, Sections 1, 5, and 9]; (6) invasion of privacy [California Civil Code § 56, et seq.]; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; and (9) request for injunctive relief.

## III. Discussion

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint

1  "does not need detailed factual allegations" but the "[f]actual allegations must be enough to
2  raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
3  555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
4  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
5  of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to
6  dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*,
7  556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that
8  are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*
9  *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to
10 survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences
11 from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."
12 *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

13       **A.**    **Title VII - First and Second Claims**

14       Defendants contend that Plaintiff's claims for discrimination and harassment under Title
15 VII are time-barred on the grounds that (1) Plaintiff failed to contact an EEOC counselor
16 within 45 days of her termination on December 31, 2009 and (2) Plaintiff failed to initiate this
17 suit within 90 days of receipt of the notice of agency action on June 7, 2010.

18       Plaintiff contends that her Title VII claims are not time barred on the grounds that (1)
19 she contacted the EEOC counselor as soon as she became aware of the 45 day rule and (2) the
20 current complaint should "relate back" to a complaint filed by Plaintiff on September 3, 2010
21 in a separate case which was dismissed without prejudice for failure to serve on January 19,
22 2011.

23       Plaintiff alleges that she was forced to take early retirement from her job on December
24 31, 2009 due to the "hostile, intimidating and offensive work environment." (ECF No. 1 at ¶
25 16). Plaintiff alleges: "On or about April 23, 2010, Plaintiff Colgan filed a formal EEO
26 Complaint of Discrimination against all named defendants herein." *Id*. at ¶ 17.

27       Title VII makes it unlawful for an employer to "discriminate against any individual with
28 respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin" 42 U.S.C. § 2000e-2. When an employee brings suit under Title VII, the employee must exhaust her administrative remedies as a precondition to filing suit in the district court. *See Brown v. Gen. Servs Admin.,* 425 U.S. 820, 832 (1976); *see also Vinieratos v. United States*, 939 F.2d 762, 768-69 (9th Cir. 1991); *see also* 29 C.F.R. §§1614.101(a), 1614.103(a). In order to exhaust administrative remedies and file an action in district court, an aggrieved employee who alleges employment discrimination must initiate contact with the EEOC within 45 days of the date of the matter alleged to be discriminatory. 29 C.F.R. §§ 1614.105(a)(1), 1614.106. The exhaustion requirement may be equitably tolled. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Plaintiff bears the burden of showing entitlement to equitable tolling. *See Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir.1992).

In this case, Plaintiff has failed to allege that she contacted an EEOC counselor within 45 days of the employment discrimination. Plaintiff contends that she is entitled to equitable tolling. However, Plaintiff has failed to allege any facts in the Complaint to show that she is entitled to equitable tolling. Plaintiff has failed to allege facts sufficient to show that she exhausted her administrative remedies.

Pursuant to 42 U.S.C. § 2000e-16(c), a party wishing to challenge discrimination in employment in district court must "[w]ithin 90 days of receipt of notice of final action by a department, agency, or unit . . . file a civil action as provided in section 706, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." *See also* 29 C.F.R. § 1614.407. Federal Rule of Civil Procedure 15 provides: "An amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out ... in the original pleading." Fed. R. Civ. P. 15.

Plaintiff alleges that she received notice of her right to sue from the EEOC on June 7, 2010. (ECF No. 1 at ¶ 17). Plaintiff alleges that " On September 3, 2010 Plaintiff Colgan filed a complaint for damages arising out of the acts and/or omissions alleged herein in the United States District Court for the Southern District of California ..., entitled *Colgan v. Mabus*

(USDC So. Dist. Calif. Case No. 3:10-cv-01843-WQH-POR) (the 'Original Complaint')." *Id.* at ¶ 18. Plaintiff alleges that "On ... January 19, 2011 the District Court dismissed the Original Complaint, without prejudice, pursuant to Rule 4m." *Id.* at ¶ 19. Plaintiff alleges that "On information and belief, Plaintiff Colgan alleges that the dismissal of the Original Complaint was due to the inadvertence, mistake or excusable neglect of her attorney, for failure to request additional time to serve Defendants, pursuant to FRCP, Rule 4m." *Id.* On September 30, 2011, Plaintiff filed the Complaint which initiated this action in *Colgan v. Mabus*, Case No. 11cv2278 WQH (DHB) (S.D. Cal. Sept. 30, 2011).

Plaintiff filed a complaint in *Colgan v. Mabus,* 10cv1843 WQH (POR) (S.D. Cal. Sept. 3, 2010). Plaintiff has not filed an amended complaint in *Colgan v. Mabus,* 10cv1843 WQH (POR). Plaintiff filed an original complaint initiating this action in *Colgan v. Mabus*, Case No. 11cv2278 WQH (DHB) (S.D. Cal. Sept. 30, 2011). This original complaint is not an amendment to *Colgan v. Mabus,* 10cv1843 WQH (POR) and does not "relate back" to the original complaint filed in *Colgan v. Mabus,* 10cv1843 WQH (POR). This original complaint in *Colgan v. Mabus*, Case No. 11cv2278 WQH (DHB) was not filed within 90 days of receipt of notice of final action. Accordingly, Plaintiff has failed to allege sufficient facts to show that she initiated this action within 90 days of receipt of notice of final action. Plaintiff has failed to allege facts sufficient to show that her complaint in this case is not barred for failure to file within 90 days of receipt of notice of final action. The Motion to Dismiss claims one and two for violation of Title VII is GRANTED.

**B.    Violation of Federal Tort Claims Act - Claim Three**
**Invasion of Privacy Under Cal. Civ. Code section 56 - Claim Six**
**Intentional Infliction of Emotional Distress - Claim Seven**
**Negligent Infliction of Emotional Distress - Claim Eight**

Defendants contend that "[a]ll of Plaintiff's allegations involve employment actions within the exclusive purview of Title VII, and Plaintiff's FTCA claims are pre-empted by Title VII." (ECF No. 10-1 at 9). "As Title VII is the exclusive remedy for claims of discrimination and harassment in federal employment, all of Plaintiff's claims under the FTCA should be dismissed and the allegations must be analyzed under Title VII's statutory scheme." *Id.*

Plaintiff contends that "[i]t is disingenuous of Defendants to assert that all of the

1 allegations of the Complaint constitute discrimination in employment and are therefore
2 pre-empted by Title VII and subject to dismissal." (ECF No. 11 at 10-11). Plaintiff contends
3 that "[t]he common allegations are incorporated by reference into the Third, Seventh and Eight
4 claims ... [which] constitute a variety of unlawful conduct, some of which is not prohibited by
5 Title VII, and thus is not pre-empted ...." *Id.* at 9. Plaintiff contends that her claim of
6 intentional violation of her right to privacy contain some unlawful conduct which is not pre-
7 empted by Title VII.

8 In claim three for violation of the Federal Tort Claims Act, Plaintiff alleges: "Numerous
9 violations of federal law were violated, as set forth herein. Because of these violations of law
10 and Defendants' negligent and reckless behavior, Plaintiff has suffered damages ...." (ECF No.
11 1 at ¶ 39). Plaintiff alleges: "The actions of Defendants and Does during and after Plaintiff's
12 employment with Defendant Navy, constituted gross negligence and reckless indifference to
13 Plaintiff's health and privacy ...." *Id*. at ¶ 40. Plaintiff alleges: "Defendants and Does'
14 negligent supervision and training and negligent and reckless failure to prevent the
15 discrimination and harassment of Plaintiff, and the disclosure of Plaintiff's private medical
16 information to third parties, was a substantial factor and the proximate cause of Plaintiff's
17 damages." *Id*. at ¶ 41.

18 In claims six for invasion of privacy under California Civil code section 56, Plaintiff
19 alleges: "During the time Plaintiff Colgan was employed by Defendant Navy she received
20 medical care and treatment, including psychological care and treatment, from Defendant Navy
21 and Does, and their agents or employees." (ECF No. 1 at ¶ 53). Plaintiff alleges: "At no time
22 during her employment did Plaintiff Colgan consent, either verbally or in writing, to the
23 disclosure and/or dissemination of her private and confidential medical information, including
24 for her psychological care and treatment, to third persons." *Id*. at ¶ 54. Plaintiff alleges:
25 "Defendant Navy and Does, and each of them, did in fact disclose and/or disseminate, or
26 caused to be disclosed and/or disseminated, private and confidential information concerning
27 Plaintiff Colgan's medical and/or psychological care and treatment." *Id*. at ¶56. Plaintiff
28 alleges: "Such disclosure was made to Plaintiff's supervisors and/or coworkers, without

1    Plaintiff Colgan's verbal or written consent." *Id.*

2    In claim seven for intentional infliction of emotional distress, Plaintiff alleges: "The
3    conduct set forth above was extreme, outrageous and an abuse of the authority and position
4    held by Defendant Navy and Does, and their officers, agents, employees, and those acting on
5    concert." *Id.* at ¶ 61. Plaintiff alleges: "These Defendants and Does intended to cause Plaintiff
6    Colgan pain, discomfort, humiliation, mental anguish and severe emotional and physical
7    distress, or acted in reckless disregard of the probability of causing such pain, discomfort,
8    humiliation, mental anguish and distress." *Id.*

9    In claim eight for negligent infliction of emotional distress, Plaintiff alleges: "Defendant
10   Navy and Does, and each of them, had a duty to provide a workplace free of harassment and
11   discrimination on the basis of disability." *Id.* at ¶ 65. Plaintiff alleges: "These Defendants and
12   Does, and each of them, breached this duty by causing, directing, maintaining and/or
13   condoning a hostile work environment during Plaintiff's employment." *Id.*

14   It is well established that Title VII "provides the exclusive judicial remedy for claims
15   of discrimination in federal employment." *Brown v. Gen. Servs Admin.*, 425 U.S. 820, 835
16   (1961). The *Brown* court explained that Title VII is a "detailed statute [that] pre-empts more
17   general remedies." *Id.* at 834. ("Permitting such challenges to be brought under the ... statute,
18   where exhaustion is not required, would undermine the strong policy requiring exhaustion....")
19   (quotation omitted). In *Brock v. United States*, 64 F.3d 1421 (9th Cir. 1995), the Court of
20   Appeals explained that "[a]llegations of discriminatory failure to promote, retaliation for
21   discrimination complaint, and constructive discharge do not state more than an employment
22   discrimination claim...." *Brock*, 64 F.3d at 1423-24. However, the Court of Appeals for the
23   Ninth Circuit has permitted a plaintiff to supplement their Title VII claim with state law tort
24   in instances involving "highly offensive" personal violations including rape, sexual assault,
25   and sexual battery. *Sommatino v. United States*, 255 F.3d 704, 712 (9th Cir. 2001); *see Brock*,
26   64 F.3d at 1423 (rape); *Arnold v. United States,* 816 F.2d 1306, 1312 (9th Cir. 1987) (sexual
27   battery); *Otto v. Heckler*, 781 F.2d 754, 758 (9th Cir. 1986) (sexual assault). In *Brock*, *Arnold*,
28   and *Otto*, the plaintiff suffered unwanted sexual advances including physical intrusions that

the court deemed extended beyond typical sexual discrimination. The Court of Appeals stated:

> Just as every murder is also a battery, every rape committed in the employment setting is also discrimination based on the employee's sex. In both instances, however, the ability to characterize the ultimate harm suffered as including a lesser offense ( i.e., battery or discrimination) does not change the nature or extent of the ultimate harm. When the harms suffered involve something more than discrimination, the victim can bring a separate claim.

*Brock*, 64 F.3d at 1423.

In this case, Plaintiff has not alleged that she suffered unwanted sexual advances and physical violations including rape, sexual assault, or battery. Plaintiff's allegations do not rise to the level of "highly offensive" personal violations to allow Plaintiff to supplement her Title VII claim with state law torts. The Motion to Dismiss claim three for "Violation of Federal Tort Claims Act", claims six for invasion of privacy under California Civil Code section 56, claim seven for intentional infliction of emotional distress, and claim eight for negligent infliction of emotional distress is GRANTED.

### C.  Violation of Plaintiff's Federal, Constitutional and Statutory Rights [U.S. Constitution, Sections 1, 5 and 9] - Claim Five

Defendants contend that Plaintiff's allegations regarding violation of her federal, Constitutional and statutory rights are vague and conclusory. Defendants contend: "Even if Plaintiff had articulated a viable constitutional claim against any Navy employee, well settled law mandates that constitutional claims are barred in this instance because Title VII is the exclusive, preemptive remedy for federal employment discrimination claims." (ECF No. 10-1 at 10).

Plaintiff contends that she incorporated by reference all prior allegations in the Complaint into Plaintiff's claim for violation of "Federal, Constitutional and Statutory Rights [U.S. Constitution, Sections 1, 5 and 9]." (ECF No. 1 at ¶ 48). Plaintiff contends that some of her allegations "go well beyond employment discrimination" such as her allegation that "[o]n many occasions, Defendant Altman made … comments about Plaintiff's … alleged excessive absences due to illness." (ECF No. 11 at 11).

Plaintiff alleges: "The persons who acted wrongfully against Plaintiff, as set forth

herein, did by their actions or inactions violate Plaintiff's federal constitutional rights, as set forth pursuant to Sections 1, 5 and 9 of the United States Constitution ...." (ECF No. 1 at ¶ 49). Plaintiff alleges: "The numerous and express provisions of federal law as set forth herein regarding discrimination, harassment, retaliation, and invasion of privacy, were enacted and adopted for the express purpose of protecting persons such as Plaintiff from the very type of damages which she suffered." *Id.* at ¶ 50.

The Court finds that Plaintiff's vague and conclusory allegations that "numerous and express provisions of federal law" and sections of the Constitution were violated do not present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Balistreri*, 901 F.2d at 699. Plaintiff's incorporation by reference of all of prior allegations in the Complaint does not make her claim less vague and conclusory. Plaintiff has failed to allege sufficient facts to state a claim for "Violation of Plaintiff's Federal, Constitutional and Statutory Rights [U.S. Constitution, Sections 1, 5 and 9]." (ECF No. 1 at ¶ 48). The Motion to Dismiss claim five is GRANTED.

### D. Violation of Privacy Under 5 U.S.C. § 552a(b) - Claim Four

Defendants contend that Plaintiff's allegations regarding a violation of the Privacy Act are vague on the grounds that "[t]here are no specific facts to indicate when this unauthorized disclosure was made, how it was made, or to whom it was made." (ECF No. 10-1 at 12). Defendants contend that Plaintiff has failed to allege sufficient facts to show that it acted intentionally or willfully, or that Plaintiff suffered any adverse effects or actual damages resulting from any disclosure. Defendants contend that "[t]o the extent Plaintiff were able to show any Navy employee disclosed medical and/or psychological information, the 'need-to-know' exception to the Privacy Act renders such disclosure appropriate in light of Plaintiff's accommodation of disabilities request." *Id.* at 13. Defendants contend that "any alleged 'disclosure' of information prior to September 30, 2009 is time-barred under the two-year statute of limitations applicable to the statutory scheme." *Id.* at 14.

Plaintiff contends that she has adequately alleged that Defendants revealed "certain private information pertaining to Plaintiff's illness (medical condition) and her need for

accommodation, i.e., absences off for doctor's appointments." (ECF No. 11 at 14). Plaintiff states: "While Plaintiff's supervisors may 'need to know' something about her medical condition and need for time-off for medical appointments, there is no need for Plaintiff's own coworkers to be told of these highly confidential affairs." *Id.* at 14-15. Plaintiff states: "Should the Court order, Plaintiff may provide a more definite statement setting forth information necessary to further establish Defendants' liability under Count Four[ for violation of privacy under 5 U.S.C. § 552a(b)]." *Id*. at 15.

Plaintiff alleges that "[d]uring the time Plaintiff Colgan was employed by Defendant Navy she received medical care and treatment, including psychological care and treatment, from Defendant Navy and Does, and their agents or employees." (ECF No. 1 at ¶ 53). Plaintiff alleges that "[o]n many occasions, Defendant Altman made disparaging comments about Plaintiff Colgan to Plaintiff's coworkers, including comments about Plaintiff's allegedly unacceptable work performance and alleged excessive absences due to illness." *Id*. at ¶ 12(d). Plaintiff alleges that she did not consent to disclosure of her medical information. Plaintiff alleges that "Defendant Navy and Does, and each of them, did in fact disclose and/or disseminate, or caused to be disclosed and/or disseminated, private and confidential information concerning Plaintiff Colgan's medical and/or psychological care and treatment." *Id*. at ¶ 56. Plaintiff alleges that "[s]uch disclosure was made to Plaintiff's supervisors and/or coworkers, without Plaintiff Colgan's verbal or written consent." *Id*. Plaintiff alleges that "[d]uring her employment Defendants and Does, without Plaintiff's consent, also released and discussed Plaintiff's private medical, psychiatric and/or psychological condition and treatment with third parties, including Plaintiff's co-workers, which subjected Plaintiff to ridicule, embarrassment, abuse and harassment." (ECF No. 1 at ¶ 44). Plaintiff alleges: "Such discussions would not have been possible without the unauthorized disclosure of Plaintiff's private medical, psychiatric and/or psychological records." *Id*.

"[T]o prevail on a claim under the [Privacy Act 5 U.S.C. § 552a(b)], a plaintiff must prove that: (1) the government agency failed to uphold its record-keeping obligation; (2) the agency acted intentionally or willfully in failing to execute its responsibility; (3) the failure

proximately caused an adverse effect on the plaintiff; and (4) the plaintiff sustained actual damages." *Cooper v. FAA*, 622 F.3d 1016, 1027 (9th Cir. 2010) (cert. pending) (citing *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990)); *see also Speaker v. United States HHS CDC*, 623 F.3d 1371, 1381 (11th Cir. 2010). "An action to enforce any liability created under this section may be brought in the district court ... within two years from the date on which the cause of action arises." 5 U.S.C. § 552a(g)(5). A cause of action "arises" when the plaintiff "knows or has reason to know of the alleged violation." *Rose*, 905 F.2d at 1259; 5 U.S.C. § 552a(g)(1)(C).

In this case, Plaintiff has adequately alleged that she sought medical and psychological care and treatment from Defendants. Plaintiff has adequately alleged that Defendants disclosed "private and confidential information concerning Plaintiff Colgan's medical and/or psychological care and treatment[]" to Plaintiff's "supervisors and/or coworkers" and "third parties." *Id*. at ¶¶ 44, 56. Plaintiff has adequately alleged that the dissemination of her private and confidential medical and psychological information "would not have been possible without the unauthorized disclosure of Plaintiff's private medical, psychiatric and/or psychological records." *Id*. at 44. Plaintiff has adequately alleged that the "harassment and intimidation" by her supervisor was intentional. *Id*. at ¶ 11. The Motion to Dismiss claim four for violation of privacy under 5 U.S.C. § 552a(b) is DENIED.

### E. Injunctive Relief - Ninth Claim

Defendants contend that the injunctive remedies that Plaintiff seeks are included in Title VII. Defendants contend that Title VII provides the exclusive remedy. Plaintiff contends that her claim for injunctive relief can be based on her "Constitutional and privacy rights counts." (ECF No. 11 at 15).

Plaintiff alleges:

> Plaintiff seeks the following prospective injunctive relief as a partial for the injuries she sustained as the result of Defendants and Does' actions or inactions:
>
> (a) Reinstatement into her job with Department Navy, for which she is qualified;
>
> (b) reinstatement of seniority rights; and

>     (c) compensation in the form of back pay, lost benefits, including retirement benefits, and medical expenses.

(ECF No. 1 at ¶ 68). Plaintiff also seeks reinstatement in the prayer for relief.

"Injunctive relief, like damages, is a remedy requested by the parties, not a separate cause of action." *Cox Communications PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d. 1272, 1283 (S.D. Cal. 2002) (dismissing the cause of action for injunctive relief because plaintiff correctly sought an injunction as a remedy in its prayer for relief) (emphasis and citation omitted).

The Court finds that Plaintiff's claim for injunctive relief fails because an injunction is a remedy, not a separate claim. The Motion to Dismiss claim nine for injunctive relief is GRANTED.

### F. Certification and Substitution

Defendants contend that Defendant Altman should be dismissed from the Complaint on the grounds that Altman cannot be individually named in any federal tort or Title VII claim and that Plaintiff has failed to allege a cognizable constitutional claim against Altman. Defendants certify that Altman was acting within the scope of her employment at the time of the incident.

The Certification of Scope of Employment, which is signed by an Assistant United States Attorney, states:

>     Pursuant to the provisions of 28 U.S.C. § 2679(d), and pursuant to the authority vested in the United States Attorney to make scope of employment certifications under 28 C.F.R § 15.4, a expressly re-delegated to me by the United States Attorney in Civil Policy 10-02, dated July 23, 2010, I hereby certify that I have read the United States District Court, Southern District of California Complaint in the above-entitled action, as well as other documentation. On the basis of information now available with respect to the incident referred to in Plaintiff's Complaint, hereby find and certify that the individually-named Defendant, Colleen Altman, was acting within the scope of her employment as an employee of the United States with regard to the events described in Plaintiff's Complaint.

(ECF No. 10-3 at 1). Plaintiff contends that "[dismissal through the 'course and scope' certification'] would be inappropriate where valid Constitutional claims suggest individual

liability is possible."[1]  (ECF No. 11 at 17).

Plaintiff alleges in the Complaint that "[d]uring all times relevant hereto, Defendant Altman was Plaintiff Colgan's immediate supervisor" and "each Defendant ... was acting within the course and scope of this agency and/or employment."  (ECF No. 1 at ¶¶ 6, 8).

A district court may review the certification of the United States that a federal employee was acting within the scope of his employment. *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 436-37 (1995); *see also Osborn v. Haley*, 549 U.S. 225, 247 (2007) ("[A] complaint's charge of conduct outside the scope of employment, when contested, warrants immediate judicial investigation. Were it otherwise, a federal employee would be stripped of suit immunity not by what the court finds, but by what the complaint alleges.") (citation omitted). "Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of [his] employment at the time of the incident and is conclusive unless challenged." *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995) (citing *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993)).  "The party seeking review bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence." *Billings,* 57 F.3d at 800.

The district court reviews a scope of employment determination under the principles of respondeat superior of the state in which the tort occurred. *See McLachlan v. Bell*, 261 F.3d 908, 911 (9th Cir. 2001); *see also Wilson v. Drake,* 87 F.3d 1073, 1076 (9th Cir. 1996).  Under California law "the principle is 'well established' that 'an employee's willful, malicious and even criminal torts may fall within the scope of his or her employment for purposes of respondeat superior, even though the employer has not authorized the employee to commit crimes or intentional torts.'" *Xue Lu v. Powell,* 621 F.3d 944, 948 (9th Cir. 2010) (quoting *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal. 4th 291, 296, 48 Cal. Rptr. 2d 510, 512, 907 P.2d 358, 360 (Cal. 1995)).  "A nexus must exist between the employment and the tort if the employer is fairly to be held liable." *Xue Lu,* 621 F.3d at 948. "[T]he tort must

---

[1] As discussed above, Plaintiff has failed to state a claim for violation of the Constitution.

be 'generally foreseeable' or 'engendered by' or 'arise from' the employment." *Id*. (quoting *Lisa M.*, 12 Cal. 4th at 298, 48 Cal. Rptr. 2d at 514, 907 P.2d at 362)).

In this case, Plaintiff has not submitted any evidence to show that the certification by the Assistant United States Attorney that Altman was acting within the scope of her employment at the time of the incident is invalid. The Court finds that Plaintiff has failed to meet her burden "of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence." *Billings,* 57 F.3d at 800; *see also Osborn*, 549 U.S. at 247.

**IV.    Conclusion**

IT IS HEREBY ORDERED that pursuant to 28 U.S.C. § 2679(d), the United States of America is substituted as a defendant in place of Defendant Colleen Altman. The Motion to Dismiss filed by Defendants Raymond E. Mabus and Colleen Altman (ECF No. 10) is GRANTED in part and DENIED in part. The Complaint is DISMISSED as to claim one for discrimination and harassment based on disability pursuant to 29 U.S.C. § 701, et seq, claim two for retaliation pursuant to 42 U.S.C. § 2000e, et seq and 29 C.F.R. § 1630.12, claim three for violation of Federal Tort Claims Act, claim five for violation of "federal, Constitutional and statutory rights [U.S. Constitution, Sections 1, 5, and 9]", claim six for invasion of privacy pursuant to California Civil Code § 56, et seq., claim seven for intentional infliction of emotional distress, claim eight for negligent infliction of emotional distress, and claim "request for injunctive relief." (ECF No. 1). The Complaint is not dismissed as to claim four for violation of privacy pursuant to 5 U.S.C.A. § 552a(b).

IT IS SO ORDERED.

DATED: June 6, 2012

*William Q. Hayes*
WILLIAM Q. HAYES
United States District Judge