# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDIE COLGAN, <br>      Plaintiff, <br>  vs. <br> RAYMOND E. MABUS, Secretary, Department of the Navy; UNITED STATES OF AMERICA; DOES 1-10, Inclusive, <br>      Defendants. | CASE NO. 11cv2278-WQH-DHB <br><br> ORDER |

HAYES, Judge:

  The matter before the Court is the Motion for Summary Judgment filed by Defendants Raymond E. Mabus and the United States of America. (ECF No. 25).

## I. Background

  On September 30, 2011, Plaintiff Addie Colgan initiated this action by filing a Complaint against Defendants Raymond E. Mabus, Secretary of the Department of the Navy, and Colleen Altman. (ECF No. 1). The Complaint alleges that Plaintiff was a civilian employee of the Naval Hospital at Camp Pendleton from May 1997 to December 31, 2009. The Complaint alleges that Plaintiff's direct supervisor, Colleen Altman, "engaged in a campaign of harassment and intimidation against Plaintiff Colgan, which continued until Plaintiff's forced resignation in December 2009...." *Id.* at ¶ 11. The Complaint alleges that Defendants disclosed "private and confidential information concerning [Plaintiff's] medical, psychiatric and/or psychological care and

treatment obtained at Navy." *Id.* at ¶ 15. The Complaint asserts the following claims: (1) discrimination and harassment based on disability, 29 U.S.C. § 701, *et seq.*; (2) retaliation, 42 U.S.C. § 2000e, *et seq.*, 29 C.F.R. § 1630.12; (3) violation of the Federal Tort Claims Act; (4) violation of privacy, 5 U.S.C. § 552a(b); (5) violation of federal, Constitutional and statutory rights; (6) invasion of privacy, California Civil Code § 56, *et seq.*; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; and (9) request for injunctive relief.

On June 6, 2012, the Court issued an Order granting in part and denying in part the Motion to Dismiss filed by Defendants. (ECF No. 17). The Court dismissed all claims except claim four for violation of privacy pursuant to 5 U.S.C. § 552a(b) and substituted the United States of America as a Defendant in place of Altman.

On July 9, 2013, Defendants filed the Motion for Summary Judgment. (ECF No. 25). Defendants move for summary judgment as to the final claim on the following grounds:

> (1) Any alleged Privacy Act violations occurring prior to September 30, 2009 are barred by the statute of limitations; (2) Plaintiff has no evidence the Agency disclosed information from a system of records; (3) Plaintiff has no evidence the Agency disclosed any information intentionally or willfully; (4) Plaintiff has no actual damages and has failed to show any causal connection between her claimed damages and any disclosures by the Agency; and (5) the need-to-know exception applies to Plaintiff's supervisors and physicians due to Plaintiff's request for reasonable accommodation of disabilities.

*Id.* at 1-2.

On August 5, 2013, Plaintiff filed an opposition to the Motion for Summary Judgment. (ECF No. 29). Plaintiff contends that the case is not appropriate for summary judgment because "[g]enuine factual disputes exist regarding Altman's claim that she never disclosed any information gleaned from Plaintiff's medical files to Plaintiff's co-workers." *Id.* at 5. Plaintiff contends that "Defendant erroneously claims Plaintiff lacks evidence of damages, and intentionally omits Plaintiff's own testimony that because her private medical information was being shared with co-workers she had to look elsewhere for medical treatment, and then began paying copayments for each

visit." *Id*. at 6.

On August 15, 2013, Defendants filed a reply. (ECF No. 32). On September 5, 2013, the Court conducted oral argument on the Motion for Summary Judgment. (ECF No. 34).

**II.     Discussion**

    **A.     Standard of Review**

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The materiality of a fact is determined by the substantive law governing the claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate. *See Celotex*, 477 U.S. at 322-24. To avoid summary judgment, the opposing party cannot rest solely on conclusory allegations of fact or law. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, the nonmovant must designate which specific facts show that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *See id*.

    **B.     Privacy Act**

"The Privacy Act, 5 U.S.C. § 552a(g)(1)(C), is violated when the plaintiff shows 1) that the government failed to fulfill its record keeping obligation, 2) which failure

proximately caused the adverse determination, 3) that the agency failed intentionally or willfully to maintain the records, and 4) that the plaintiff suffered actual damages." *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990) (citation omitted). "[A]ctual damages" are a required element of Privacy Act claims. *Doe v. Chao*, 540 U.S. 614, 617-18, 627 (2004). The term "actual damages" in the Privacy Act is "limited to proven pecuniary or economic harm." *Fed. Aviation Admin. v. Cooper*, 132 S. Ct. 1441, 1453 (2012). "An individual bringing a claim under the Privacy Act must demonstrate a causal connection between the alleged violation of the Act and the harm suffered by the individual." *Houlihan v. Office of Pers. Mgmt.*, 909 F.2d 383, 384 (9th Cir. 1990) (quotation omitted).

Defendants contend that "Plaintiff has not demonstrated any causal connection between her $12 outside co-pays and any alleged, timely and wrongful disclosures by her supervisors or physicians." (ECF No. 25-1 at 13). In a declaration, Plaintiff states: "I sought treatment from private physicians beginning in April 2009, because I had learned that the Department of the Navy was disclosing information from my medical records to persons who should not know about my confidential medical conditions. Because of this, I had to pay co-payments for each visit to a private physician, which amounted to no less than ten visits." (ECF No. 29-2 at 2). Plaintiff contends that "Plaintiff suffered actual damages by paying a copay to her private doctors at each visit." (ECF No. 29-3 at 13).

Plaintiff concedes that "[t]he only Privacy Act violations Plaintiff can claim in this action are those occurring within two years of the filing of her complaint, or in other words, violations occurring *after* September 30, 2009." ECF No. 29-3 at 2; *see also Rose*, 905 F.2d at 1259 ("The Privacy Act provides a two year statute of limitation, 5 U.S.C. § 552a(g)(5), which commences when the person knows or has reason to know of the alleged violation.") (citations omitted). Plaintiff fails to produce evidence indicating a causal connection between Plaintiff's decision in April 2009 to see private doctors and any alleged Privacy Act violation occurring *after* September 30, 2009.

Plaintiff fails to produce evidence indicating that, but for any alleged Privacy Act violation occurring after September 30, 2009, Plaintiff would have resumed treatment from physicians employed by the Department of the Navy. To the extent Plaintiff contends that she suffered actual damages as a result of her retirement, Plaintiff has produced no evidence indicating a causal connection between her retirement and any alleged Privacy Act violation occurring after September 30, 2009. The Court finds that Plaintiff has failed to show the existence of a genuine issue of material fact as to a causal connection between Plaintiff's claimed actual damages and the alleged Privacy Act violations at issue in this case. Accordingly, Defendants are entitled to summary judgment as to Plaintiff's claim for violation of the Privacy Act. *Cf. Haiping Su v. Nat'l Aeronautics & Space Admin.*, No. 5:09-cv-2838, 2013 WL 1663608, at *7 (N.D. Cal. Apr. 17, 2013) ("[B]ecause Defendants have demonstrated that the record is devoid of evidence that [Plaintiff] suffered pecuniary harm as a result of the subject disclosures, and [Plaintiff] has failed to show the existence of a triable issue as to this material fact, Defendants are entitled to summary judgment with respect to the first claim for violation of the Privacy Act."); *Cooper v. Fed. Aviation Admin.*, 816 F. Supp. 2d 778, 792 (N.D. Cal. 2008) (same), *aff'd* 696 F.3d 1265 (9th Cir. 2012).

## III. Conclusion

IT IS HEREBY ORDERED that the Motion for Summary Judgment is GRANTED. (ECF No. 25). The Clerk of the Court shall enter judgment in favor of Defendants and against Plaintiff.

DATED: September 10, 2013

**WILLIAM Q. HAYES**
United States District Judge